UNITED STATES of America, Plaintiff—Appellee,

v.

**Douglas Ray HICKS, Defendant— Appellant.**

No. 02–30343.

D.C. No. CR–01–60034–MRH.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 20, 2003.

---

**3.** 8 U.S.C. § 1158(b).

**4.** 8 U.S.C. § 1101(a)(42)(A).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before PREGERSON, REINHARDT, and GRABER, Circuit Judges.

### MEMORANDUM**

Douglas Ray Hicks appeals the 92–month sentence imposed after his guilty-plea conviction for bank robbery, in violation of 18 U.S.C. § 2113(a). Hicks argues that the district court erred by applying a two-level enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 2B3.1(b)(2)(F) for making a "threat of death" during the robbery. We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

Hicks handed the teller a note which read: "This is a robbery. I am armed." He contends that the note was insufficient in the circumstances of this case to "instill in a reasonable person, who is a victim of the offense, a fear of death." U.S.S.G.

** This disposition is not appropriate for publication and may not be cited to or by the

§ 2B3.1(b)(2)(F), cmt. 6. We disagree. Given the context, a bank teller could have reasonably interpreted the note as a threat to her life if she did not comply with his demands. *Id.* Thus, in the circumstances of this case the district court did not err by applying the two-level enhancement under U.S.S.G. § 2B3.1(b)(2)(F).

**AFFIRMED.**

Reinhardt, Circuit Judge, dissenting.

There are of course no "circumstances of this case" that justify the majority's finding. That is why the government did not support the enhancement. In fact, the circumstances demonstrate that a reasonable person would not have been in fear for his life. As the majority appears to recognize, there is no per se rule mandating an enhancement whenever a note is presented stating that the robber is armed. The district judge appears to believe otherwise, or so the transcript shows. That belief is erroneous. I would vacate the sentence and remand for resentencing without the enhancement.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.